UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11 Cases** |
| **CORDIA COMMUNICATIONS CORP.**[1], | Case No. 6:11-bk-06493 |
| **CORDIA COMMUNICATIONS CORP.** | |
| **OF VIRGINIA,** | Case No. 6:11-bk-06494 |
| **NORTHSTAR TELECOM, INC.,** | Case No. 6:11-bk-06495 |
| **MY TEL CO., INC.,** | Case No. 6:11-bk-06496 |
| **MIDWEST MARKETING GROUP, INC.,** | Case No. 6:11-bk-06497 |
| **Debtors.** | |
| _____/ | |

**EMERGENCY MOTION BY**
**DEBTORS FOR JOINT ADMINISTRATION OF CASES**

Cordia Communications Corp. ("CCC"), Cordia Communications Corp. of Virginia ("CCCVA"), My Tel Co., Inc. ("MTC"), Midwest Marketing Group, Inc. ("MMG"), and Northstar Telecom, Inc. ("NST"; NST, CCC, CCCVA, MTC and MMG being collectively referred to as the "Debtors"), by and through proposed undersigned counsel, and pursuant to Fed. R. Bankr. P. 1015(b) (the "Bankruptcy Rules") and Rule 9004-2(d) of the Local Rules for the Bankruptcy Court for the Middle District of Florida (the "Local Rules"), hereby file this Emergency Motion By Debtors For Joint Administration Of Cases (the "Motion") and request that the Court jointly administer their chapter 11 cases for procedural purposes. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The last four digits of the taxpayer identification number for each of the debtors seeking joint administration are: Cordia Communications Corp. [1591], Cordia Communications Corp. of VA [6448], My Tel Co., Inc. [5042], Midwest Marketing Group, Inc. [5042], and Northstar Telecom, Inc. [9662].

1

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicate for the relief requested herein is Bankruptcy Rule 1015(b) and Local Rule 9004-2.

## BACKGROUND

3. On May 1, 2011 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

4. CCC, CCCVA, NST, and MTC (collectively, the "CLEC Debtors") provide telecommunications services as a competitive local exchange carrier or CLEC. As such, the CLEC Debtors offers small businesses and residential consumers bundled services that include local dial tone, unlimited domestic long distance, and unlimited feature plans by leasing a portion of the network owned by other telecommunications carriers. These leasing arrangements are controlled by multi-state, multi-year interconnection and commercial services agreements that allow the CLEC Debtors to offer telecommunications services to consumers without incurring the capital expenditures associated with building its own network. Certain of the CLEC Debtors have commercial services agreements with both incumbent local exchange carriers or

ILECs, including Verizon and Qwest, and non-incumbent carriers.

5. CCC currently holds licenses to operate in twenty-seven (27) states throughout the contiguous United States; CCCVA holds a license to operate in the Commonwealth of Virginia; MTC is licensed to offer local and long distance services in nine (9) states and has customers in seven (7) of those states; and, NST currently holds licenses to operate in thirteen (13) states and provides services in twelve (12) of those states. The CLEC Debtors currently have approximately 56,000 customer accounts (the "CLEC Customers").

6. MMG was created to operate as an outbound telemarketing center. In 2009, MMG discontinued operations when such services were outsourced to an offshore telemarketing affiliate.

7. The Debtors commenced the Chapter 11 Cases in order to facilitate a sale of their assets as a going concern (the "Sale"), which is the best interests of their customers, creditors, and employees. The CLEC Debtors have identified a stalking horse purchaser and such purchaser requires that the Sale be conducted under section 363 of the Bankruptcy Code. The Sale is necessary to relieve the CLEC Debtors' corporate business assets of pre-petition obligations which the CLEC Debtors are unable to repay other than from the proceeds of the Sale. The timing of the commencement of the Chapter 11 Cases was principally dictated by the deadline unilaterally imposed by Verizon---the CLEC Debtors' most substantial ILEC provider---for, (a) the suspension of its acceptance and processing of the CLEC Debtors' new and pending service orders to add or change service, and (b) to terminate service to the CLEC Debtors. Such actions by Verizon, if

not stayed, would have resulted in the interruption of service to the CLEC Customers and prevented consummation of the Sale.

**RELIEF REQUESTED**

8. By this Motion, the Debtors respectfully request that this Court enter an order directing the joint administration of the Chapter 11 Cases <u>for procedural purposes only</u>, including the joint filing of any disclosure statements and plans of reorganization and other contested matters, pursuant to Bankruptcy Rule 1015(b).

9. The Debtors request that their Chapter 11 Cases be jointly administered under the lowest case number which was assigned by the Clerk to CCC, and that such case be designated as the "Lead Case".

10. To assist in the joint administration of the cases, the Debtors request that this Court approve the form of caption set forth on **Exhibit A** attached hereto. The Debtors submit that the use of this caption, without specific reference to every debtor, will ensure uniformity of pleadings. All papers or pleadings will be docketed in the Lead Case only. When such papers are filed and docketed in the Lead Case, the pleading or paper so far as material and applicable will be deemed filed in the other bankruptcy cases as though filed and docketed therein. Accordingly, no pleading or paper after the order has been entered shall be filed and docketed in the other cases, with the exception of the Schedules and Statement of Financial Affairs, which shall be filed in each of their respective cases.

11. In instances where the pleading or document pertains to a specific debtor or debtors, the jointly-administered caption shall be modified to also indicate the specific

debtor or debtors to which the pleading or order applies, and the title, as well as the first paragraph, of the pleading or order shall indicate the specific debtor or debtors to which it applies. A form of the caption is attached hereto as **Exhibit B**.

12. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered in the docket of each of the Debtors' cases to reflect the joint administration of the cases:

> An order has been entered in this case consolidating this case with the chapter 11 cases of Cordia Communications Corp. (Case No. _____) and certain of its affiliates for procedural purposes only and providing for joint administration in accordance with the terms thereof. The docket in Case No. _____ should be consulted for all matters affecting the jointly administered cases.

13. The Debtors also request that if the cases were initially assigned to different judges, that the cases be transferred to the judge to whom the lowest numbered case was assigned.

## BASIS FOR RELIEF

14. Bankruptcy Rule 1015(b) provides, in relevant part: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates."

15. Section 101(2) of the Bankruptcy Code defines an affiliate as an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor …" or a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns,

5

controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor …" 11 U.S.C. § 101(2).

16. NST is a wholly owned subsidiary of MMG, and MMG is a wholly owned subsidiary of MTC. CCCVA, CCC, and MTC are wholly owned subsidiaries of Cordia Corporation. Accordingly, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code or are related parties to affiliates, and the Court is authorized to grant such relief.

17. Joint administration of affiliated debtors pursuant to section 1015 of the Bankruptcy Code promotes efficiency, while protecting the rights of individual creditors. *See In re GlycoGenesys, Inc.*, 352 B.R. 568 (Bankr. D.Mass 2006); *In re PL Liquidation Corp.,* 305 B.R. 629, 633 (Bankr. D. Del. 2004); *In re N.S. Garrott & Sons,* 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re H&S Trans. Co.,* 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982). While the Debtors constitute separate and distinct entities, the issues that will be addressed in these bankruptcy cases will be related and overlapping.

18. In addition, the joint administration of the Debtors' cases will facilitate the expeditious and economical administration of these cases without prejudicing any creditor's substantive rights. For example, joint administration will permit the Clerk of Court to utilize a single general docket for the cases and obviate the need for duplicative notices, motions, applications, hearings and orders. This will save considerable time and expense for the Debtors and their estates and free the Court from the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files while preserving judicial resources. It will also enable parties-in-interest in each of

the captioned cases to be apprised of the various matters before the Court in all of these cases.

19. The Debtors do not believe that joint administration will give rise to any conflicts of interest among the estates of the cases to be jointly administered. The Debtors will continue as separate and distinct legal entities and will continue to maintain separate books and records. Moreover, because the Debtors are not seeking substantive consolidation, the rights of parties-in-interest will not be prejudiced by the proposed joint administration of these cases. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases.

20. Further, the CLEC Debtors intend to sell substantially all of their assets in a single transaction. Joint administration of these cases reduces the costs associated with the sale process and ensures that creditors of each estate are apprised of all matters relating to the sale while maintaining the consistency of rulings that may impact the creditors of each of the Debtors' estates with respect to the sale or other matters.

21. Accordingly, the Debtors submit that joint administration of the above-captioned cases is in the best interests of the Debtors, as well as those of their respective estates, creditors, and other parties in interest.

## **NOTICE**

22. Notice of this Motion has been provided to the Office of the United States Trustee for the Middle District of Florida, secured creditors (including counsel if known), each of the Debtors' 20 largest unsecured creditors (including counsel if known), and all parties requesting notices pursuant to Bankruptcy Procedure 2002. The Debtors submit

that no other or further notice need be provided.

23. The Debtors believe that the length of the hearing on this matter will be approximately 15 minutes.

WHEREFORE, the Debtors respectfully request that the Court enter an Order substantially in the form attached hereto as **Exhibit "C"** granting the relief requested herein, and such other and further relief as is just and proper.

Dated: May 1, 2011

> Respectfully submitted,
> BILZIN SUMBERG BAENA PRICE & AXELROD LLP
> *Proposed Counsel for the Debtors*
> 1450 Brickell Avenue, Suite 200
> Miami, FL 33131
> Telephone: (305) 374-7580
> Facsimile: (305) 375-7593
>
> By: /s/ Scott L. Baena _____
>     Scott L. Baena
>     Fla. Bar No. 186445
>     sbaena@bilzin.com
>     Jason Z. Jones
>     Fla. Bar No. 186554
>     jjones@bilzin.com
>     Jeffrey I. Snyder
>     Florida Bar No. 21281
>     jsnyder@bilzin.com

# Exhibit "A"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11 Cases** |
| **CORDIA COMMUNICATIONS CORP.,** et al.[1] | Case Nos. 6:11-bk-06493 through 6:11-bk-06497 |
|     **Debtors.** _____/ | **Jointly Administered** |

**[TITLE OF DOCUMENT]**

---

[1] The last four digits of the taxpayer identification number for each of the debtors are: Cordia Communications Corp. [1591], Cordia Communications Corp. of VA [6448], My Tel Co., Inc. [5042], Midwest Marketing Group, Inc. [5042], and Northstar Telecom, Inc.[9662].

# Exhibit "B"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11 Cases** |
| **CORDIA COMMUNICATIONS CORP.,** et al.[1] | **Case Nos. 6:11-bk-06493 through 6:11-bk-06497** |
| **Debtors.** _____/ | **Jointly Administered** |

**APPLICABLE DEBTOR**

Name of Specific Debtor:

(Case No.:               )

_____/

---

[1] The last four digits of the taxpayer identification number for each of the debtors are: Cordia Communications Corp. [1591], Cordia Communications Corp. of VA [6448], My Tel Co., Inc. [5042], Midwest Marketing Group, Inc. [5042], and Northstar Telecom, Inc.[9662].

# Exhibit "C"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11 Cases** |
| **CORDIA COMMUNICATIONS CORP.[1],** | **Case No. 6:11-bk-06493** |
| **CORDIA COMMUNICATIONS CORP.** | |
| **OF VIRGINIA,** | **Case No. 6:11-bk-06494** |
| **NORTHSTAR TELECOM, INC.,** | **Case No. 6:11-bk-06495** |
| **MY TEL CO., INC.,** | **Case No. 6:11-bk-06496** |
| **MIDWEST MARKETING GROUP, INC.,** | **Case No. 6:11-bk-06497** |
| **Debtors.** | |
| _____/ | |

## **[PROPOSED] ORDER DIRECTING JOINT ADMINISTRATION OF CASES**

THIS CAUSE came before the Court on May __, 2011 at __ in Orlando, Florida upon consideration of the *Emergency Motion By Debtors for Joint Administration* (the "Motion")[2] [ECF No. __] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") which requests entry of an Order directing joint administration of the bankruptcy cases of the Debtors for procedural purposes only. Upon consideration of the Motion, it appears that joint administration is in the best interests of the Debtors' respective estates and creditors and there is sufficient cause to grant the relief requested in the Motion. Accordingly, it is hereby:

**ORDERED** that:

1. The Motion is **GRANTED**.

---

[1] The last four digits of the taxpayer identification number for each of the debtors seeking joint administration are: Cordia Communications Corp. [1591], Cordia Communications Corp. of VA [6448], My Tel Co., Inc. [5042], Midwest Marketing Group, Inc. [5042], and Northstar Telecom, Inc. [9662].

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion.

2. The above-captioned bankruptcy cases are hereby jointly administered for procedural purposes only.

3. Nothing contained in this Order or the Motion shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned cases.

4. The "Lead Case" for purposes of this joint administration shall be CORDIA COMMUNICATIONS CORP., Case No. 6:11-bk-06493.

5. Pleadings in these Chapter 11 cases shall be required to bear a caption substantially in the form of the caption attached hereto as **Exhibit A**. All papers or pleadings will be docketed in the Lead Case only. When so filed and docketed, the pleading or paper so far as material and applicable will be deemed filed in the other bankruptcy cases as though filed and docketed therein. Accordingly, no pleading or paper after this order is filed and docketed in any of these cases shall be filed and docketed in the other related cases, except for the Schedules and Statements of Financial Affairs which shall be filed in each of the their respective cases. In instances where the relief requested in a pleading pertains to a specific Debtor or Debtors, the jointly-administered caption shall be modified to indicate the specific Debtor or Debtor to which the pleading or order applies, and the title, as well as the first paragraph, of the pleading or order shall indicate the specific Debtor or Debtors to which it applies. A form of the caption is attached hereto as **Exhibit B**.

6. Counsel for the Debtor shall provide the Clerk of the Court with a combined matrix which consolidates all of the matrices for the Debtors and eliminates duplicate entries, and with a consolidated Local Rule 1007-2 Parties-in-Interest List.

7. A docket entry shall be made in each of the above-captioned cases substantially as follows:

> An order has been entered in this case consolidating this case with the chapter 11 cases of Cordia Communications Corp. (Case No. _____) and certain of its affiliates for procedural purposes only and providing for joint administration in accordance with the terms thereof. The docket in Case No. _____ should be consulted for all matters affecting the jointly administered cases.

8. A separate monthly financial report shall be filed for each operating entity, and the coversheet for each monthly financial report shall be captioned in the same manner as provided in paragraph 5. The reports will be docketed as provided in paragraph 5 of this Order.

9. The Clerk will maintain separate claims registers for each case. Any party filing a proof of claim shall indicate on the proof of claim, the case number, and the name of the case in which the debt is owed. The Clerk shall also maintain claims files for each case. If a proof of claim does not specify the Debtor against whom the claim is asserted, then the claim will be filed in the Lead Case.

10. Any interested party may object to this order within twenty-one (21) days from the date of service of this order. If an interested party files such an objection within this time period, the Court will schedule the Motion and objection for hearing on notice to the Debtors, the United States Trustee, any official committee that may be formed, through its counsel, and to the objecting party.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

12. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

**DONE AND ORDERED on**_____

_____

**United States Bankruptcy Judge**

Copy to:
Debtor: Cordia Communications Corp., c/o Kevin Griffo, 13275 W. Colonial Drive, Winter Garden, FL 34787
Debtor's Counsel: Scott L. Baena, Bilzin Sumberg Baena Price & Axelrod LLP, 1450 Brickell Ave., Suite 2300, Miami, Florida 33131
Office of the U. S. Trustee, 135 W. Central Boulevard, Suite 620, Orlando, Florida 32801; and
All creditors and parties-in-interest.

# Exhibit "A"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11 Cases** |
| **CORDIA COMMUNICATIONS CORP.,** et al.[1] | **Case Nos. 6:11-bk-06493 through 6:11-bk-06497** |
|     **Debtors.** _____/ | **Jointly Administered** |

**[TITLE OF DOCUMENT]**

---

[1] The last four digits of the taxpayer identification number for each of the debtors are: Cordia Communications Corp. [1591], Cordia Communications Corp. of VA [6448], My Tel Co., Inc. [5042], Midwest Marketing Group, Inc. [5042], and Northstar Telecom, Inc.[9662].

# Exhibit "B"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11 Cases** |
| **CORDIA COMMUNICATIONS CORP.,** et al.[1] | **Case Nos. 6:11-bk-06493 through 6:11-bk-06497** |
| **Debtors.** _____/ | **Jointly Administered** |

**APPLICABLE DEBTOR**

Name of Specific Debtor:

(Case No.:                    )

_____/

---

[1] The last four digits of the taxpayer identification number for each of the debtors are: Cordia Communications Corp. [1591], Cordia Communications Corp. of VA [6448], My Tel Co., Inc. [5042], Midwest Marketing Group, Inc. [5042], and Northstar Telecom, Inc.[9662].